**IN THE COURT OF APPEALS OF IOWA**

No. 20-1002
Filed April 27, 2022

**OWENS THOMPSON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

The applicant appeals the summary dismissal of his third application for postconviction relief. **AFFIRMED.**

Christopher Kragnes, Sr., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by May, P.J., Badding, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**POTTERFIELD, Senior Judge.**

More than twenty years after a jury first convicted Owens Thompson of first-degree murder, Thompson brought this—his third—application for postconviction relief (PCR). The district court summarily dismissed the application for being time-barred. Thompson appeals, arguing *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), allows him to bring this action and requires the court to provide him an evidentiary hearing to develop his claim of ineffective assistance of counsel.

**I. Background Facts and Proceedings.**

In 1996, a jury convicted Thompson of first-degree murder, finding that he caused the death of his roommate's two-year-old child. Thompson appealed his conviction, challenging some of the instructions given to the jury. Our supreme court affirmed Thompson's conviction. *State v. Thompson*, 570 N.W.2d 765, 770 (Iowa 1997). Procedendo issued on January 12, 1998.

Thompson filed his first application for PCR in 2000. He claimed he received ineffective assistance from appellate counsel,[1] who failed to raise the issue trial counsel provided ineffective assistance by failing to:

> (1) retain an independent medical expert to testify regarding the time and manner of the child's death, (2) investigate a history of abuse at the hands of his father, (3) investigate the role of the child's mother in his death; (4) file a motion to suppress the statement and videotape, and (5) adequately advise him concerning his right to testify at trial.

---

[1] Thompson also alleged appellate counsel provided ineffective assistance by failing to raise "(1) the timeliness of the prosecution's motion to amend the trial information, (2) the prosecutor's allegedly improper statements during voir dire, opening statements, and closing arguments, and (3) a challenge to the sufficiency of the evidence." *Thompson v. State*, No. 02-0810, 2003 WL 22087434, at *4 (Iowa Ct. App. Sept. 10, 2003). We concluded these claims were "too general to address."

*Thompson*, 2003 WL 22087434, at *1. The district court rejected Thompson's claims, and we affirmed. *See id.* at *4.

Thompson brought his second PCR action in 2012. The district court dismissed the application on the ground it was time-barred, and this court affirmed. *Thompson v. State*, No. 14-0138, 2015 WL 1332352, at *1 (Iowa Ct. App. Mar. 25, 2015).

Thompson filed his third application for PCR in January 2019. The State moved for summary dismissal, asserting Thompson's third application was not timely. *See* Iowa Code § 822.3 (2019) (requiring a PCR application to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued" to be timely, absent certain exceptions). The State asserted the exception announced in *Allison* did not save Thompson's application from being time-barred. Thompson resisted. At the hearing on the State's motion, Thompson argued *Allison* applied to save his case from the statute of limitations in Iowa Code section 822.3 because, while his third application was not "promptly filed" after his first or second PCR application were decided, it was filed about six months after the supreme court issued its opinion in *Allison.* The court concluded the so-called *Allison* exception did not apply to Thompson's third PCR action and granted the State's motion to dismiss.

Thompson filed a motion to amend, enlarge, and reconsider, arguing the district court's reliance on an unpublished Iowa Court of Appeals case, *Kelly v. State*, was erroneous. No. 17-0382, 2018 WL 3650287, at *4 (Iowa Ct. App. Aug. 1, 2018). The district court denied the motion, noting it could consider the

unpublished case for its persuasive authority and stating it cited the case not as binding precedent but rather "as illustrative of what is considered 'prompt.'"

Thompson appeals.

## II. Discussion.

"[W]e review a grant of a motion to dismiss a PCR [application] for correction of errors at law." *Allison*, 914 N.W.2d at 870. Thompson challenges the district court's ruling dismissing his third PCR action, arguing the narrow exception in *Allison* applies to his case and he should get an evidentiary hearing to develop the merits of his PCR action. He also questions the district court's reliance on unpublished Iowa Court of Appeals decisions to reach its decision.

*Allison* provides:

[W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

914 N.W.2d at 891.

Despite Thompson's best attempt to shoehorn his third PCR action into the narrow *Allison* exception, we agree with the district court that it does not fit. As we have repeatedly recognized, the *Allison* exception applies to only a second PCR application—not a third or beyond. *See Schawitsch v. State*, No. 20-0535, 2021 WL 1399771, at *5 (Iowa Ct. App. Apr. 14, 2021) (collecting cases in support of conclusion, "We remain consistent in our approach of denying relief when a third, or in this case fourth, PCR cause of action is involved").

We are not bound by our previous unpublished decisions. *See* Iowa R. App. P. 6.904(2)(c) ("Unpublished opinions or decisions shall not constitute controlling legal authority."). But, without persuasive argument that our previous rulings are wrong, we continue to understand and apply the law in the same manner. *Cf. State v. Shackford*, 952 N.W.2d 141, 149–50 (Iowa 2020) (McDonald, J., dissenting) ("[I]t is not relevant whether the opinion is published or unpublished; the opinion is a decision of this court and is authority, even if not controlling authority. The mere fact that the opinion is unpublished does not give this court license to disregard its own work."). As we must; it is a basic tenet of the law that like cases are to be treated alike. *See June Med. Servs. L.L.C. v. Russo*, 140 S. Ct. 2103, 2134 (2020) (Roberts, C.J., concurring in the judgment) ("The legal doctrine of *stare decisis* requires us, absent special circumstances, to treat like cases alike."). Thompson offers no argument to convince us *Allison* is meant to apply beyond a second PCR application, and we continue to believe the plain language of the *Allison* holding requires this narrow application.

Because *Allison* does not apply to save his application from being time-barred by section 822.3, we agree with the district court's summary dismissal of Thompson's third PCR application.

**AFFIRMED.**